UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 4:08CR0091 ERW (AGF) |
| RANDY ALAN JONES, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the pretrial motion filed by Defendant, Randy Alan Jones. Pretrial matters were referred to the undersigned United States Magistrate Judge under 28 U.S.C. § 636(b). Defendant filed a motion to suppress evidence, related to the seizure by the police of a bag of trash from in front of a residence at 12747 Missouri Bottom Road. (Doc. No. 30). An evidentiary hearing was held on May 6, 2008. The government was represented by Assistant United States Attorney Sirena M. Wissler. Defendant was present and represented by his attorney, Herbert D. Schaeffer. At the hearing, the government presented the testimony of Officer John Cochran, a police officer with the City of Hazelwood. Defendant presented the testimony of Linda Greenway, who resided at the residence in question for some time period. Trial is scheduled for June 23, 2008. Based on the testimony and evidence adduced and having had an opportunity to observe the demeanor and evaluate the credibility of the witnesses,

the undersigned makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

From approximately 2003 through 2007, Officer John Cochran was periodically assigned to the North County Multi-Enforcement Group, known as the "MEG Unit," an undercover drug task force comprised of officers from a number of municipalities in the St. Louis area. While assigned to the MEG Unit, Officer Cochran became familiar with Defendant Randy Alan Jones, having arrested him many times in connection with the manufacture of methamphetamine. The majority of those arrests occurred at 12747 Missouri Bottom Road (the "Residence"), including arrests at the Residence in the summer and fall of 2007. From his prior encounters, Officer Cochran knew that Defendant had lived at the Residence off and on for several years. Defendant had provided the Residence as his address to the booking officer when he had been booked on prior arrests, and Officer Cochran had previously observed Defendant at the Residence.

On or about November 6, 2007, the officers received information from a confidential informant whom they had previously used on several occasions, who indicated that Defendant was again involved in the manufacture of methamphetamine at the Residence. In response to the information, Officer Cochran, at approximately 1:00 a.m. on Wednesday, November 7, 2007, drove slowly past the Residence. As he drove past, he observed a black trash bag that appeared to have been discarded. It was on the grass by the driveway, approximately ten feet from the street. The trash bag was not in any container and there was no fence surrounding the yard. Officer Cochran got out of

his car, seized the trash bag, and returned to his office with the bag, where he examined its contents.

Inside the trash bag, Officer Cochran found miscellaneous trash and wrappers. There were no letters, bills or other mail directly associating the trash with Defendant Jones. At the bottom of the bag he found a folded brown paper trash bag, which contained several empty blister packs that had previously held pseudoephedrine tablets. Officer Cochran, who was familiar with such packaging from his prior experience, counted the empty bubble packs and determined that they had held a total of 260 tablets.

Linda Greenway lived at the Residence in 2007 with her boyfriend, Richard Jenkins, who had also resided at the Residence at some point prior to the time when she resided there with him. She and Jenkins had a temporary occupancy permit to occupy the Residence for a few months while they were attempting to restore it. She believed this occurred during the summer of 2007, but was uncertain of the time frame. In approximately August, 2007, they lost their occupancy of the Residence as the property was condemned.

Ms. Greenway was acquainted with Defendant's family, and had met Defendant through Jenkins. She testified that Defendant did not live at the Residence while she lived there, but that Defendant did come over to the Residence during that time period. Indeed, Ms. Greenway understood that the Residence was owned by Defendant's father. Throughout the time that she lived at the Residence, the Joneses maintained a storage room in the back of the house, which was separate from Jenkins' portion of the

3

Residence. That separate portion of the Residence was utilized by the Jones family, and neither Ms. Greenway nor Jenkins had a key to it.

Although she was unsure of the time frame, Ms. Greenway believed that the Residence was condemned in approximately August, 2007, after the police found some items, perhaps associated with the production of methamphetamine, in an abandoned vehicle in the driveway. As a result, she and Jenkins were required to vacate the premises. Ms. Greenway did not believe that she was still living at the Residence in November 2007, and did not know if anyone else was living there then.

## CONCLUSIONS OF LAW

**1. Expectation of Privacy**

The gravamen of Defendant's motion appears to be that the trash bag and its contents should be suppressed because the government cannot prove it belonged to Defendant. Although it does not appear that Defendant is asserting any Fourth Amendment basis for this suppression – and he contends that he is not – the Court will address briefly the threshold question of whether Defendant has asserted a sufficient privacy interest to seek suppression of the evidence. For several reasons, the Court finds that Defendant cannot assert suppression on any Fourth Amendment ground.

A defendant moving to suppress evidence has the burden to show that he has a legitimate expectation of privacy in the area or object searched. United States v. Pierson, 219 F.3d 803, 806 (8th Cir. 2000); United States v. Gomez, 16 F.3d 254, 256 (8th Cir. 1994). The Eighth Circuit has described the analysis as a two-part test that requires the

defendant to show both (1) a subjective expectation of privacy and (2) that the expectation is objectively reasonable, or "one that society is willing to accept." United States v. McCaster, 193 F.3d 930, 933 (8th Cir. 1999); see also United States v. Stallings, 28 F.3d 58, 60 (8th Cir. 1994).

> "Factors relevant to the determination of standing include: ownership, possession and/or control of the area searched or item seized; historical use of the property or item; ability to regulate access; the totality of the circumstances surrounding the search; the existence or nonexistence of a subjective anticipation of privacy; and the objective reasonableness of the expectation of privacy considering the specific facts of the case."

Gomez, 16 F.3d at 256. See also, McCaster, 193 F.3d at 933 (noting as factors relevant to the showing "whether the party has a possessory interest in the things seized or the place searched; whether the party can exclude others from that place; whether the party took precautions to maintain the privacy; and whether the party had a key to the premises"). To meet the first part of the test with regard to items seized, the defendant must show by his conduct that he sought to preserve the items as private. Stallings, 28 F.3d at 60.

Here, Defendant expressly disclaims having any ownership interest in the premises or the bag seized. As such, he lacks a sufficient privacy interest to support a motion to suppress the trash bag or the items located therein. See Pierson, 219 F.3d at 806; United States v. Sanders, 130 F.3d 1316, 1317-18 (8th Cir. 1997) (holding that the defendant's statements disclaiming ownership of bag constitute a surrender of any legitimate expectation of privacy); accord United States v. Porter, 107 F.3d 582, 583-84 (8th Cir.

1997) (finding abandonment where the defendant told officers bag was not his and that he had never seen it before).

Even without this express disclaimer by Defendant, the seizure and search of the trash bag would still not be subject to suppression. The Supreme Court held in <u>California v. Greenwood</u>, 486 U.S. 35 (1988), that there is no expectation of privacy in a trash bag left in an area accessible by others, including animals, children, scavengers and members of the public. <u>Id.</u> 486 U.S. at 40; accord, <u>United States v. Trice</u>, 864 F.2d 1421, 1423-24 (8th Cir. 1988) (holding no reasonable expectation of privacy in garbage placed in trash cans). The lack of an expectation of privacy is even more conclusive if one accepts Defendant's suggestion that the Residence had been condemned and no one was living there. Moreover, any expectation of privacy Defendant may have had, was abandoned by him. See <u>Abel v. United States</u>, 362 U.S. 217, 240-41 (1960) (holding no 4th Amendment violation where officers seized items abandoned in hotel wastepaper basket after checkout); <u>United States v. Kelly</u>, 329 F.3d 624, 629 (8th Cir. 2003) (any reasonable expectation of privacy in wallet was relinquished when defendant discarded wallet).

### 2. **Motion to Suppress the Trash Bag based on Insufficiency of the Evidence**

The actual basis for Defendant's motion to suppress the trash bag remains somewhat unclear to the Court. Though styled and argued as a motion to suppress, it appears that Defendant is asking this Court to assess the sufficiency of the evidence and declare that the government cannot proceed with its evidence because it cannot

sufficiently tie Defendant to the trash bag seized from the front of the Residence.[1]

At bottom, Defendant's motion to suppress is simply another way of saying that the indictment should be dismissed based on alleged insufficiency of the evidence. The courts have recognized, however, that an indictment is not subject to a motion to dismiss based on allegations of the insufficiency of the government's evidence. United States v. Ferro, 252 F.3d 964, 968 (8th Cir. 2001). The case law clearly provides that an indictment that is valid on its face is immune from attack by a claim that there was insufficient competent evidence presented to the grand jury. Costello v. United States, 350 U.S. 359, 363 (1956) ("An indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on its merits. The Fifth Amendment requires nothing more."). As the Court explained in Ferro:

> "In civil cases, of course, the summary judgment procedures contemplated by Federal Rule of Civil Procedure 56 may be utilized to test, pretrial, the sufficiency of the evidence to establish triable issues of fact; but there is no corollary in criminal cases. The government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29. . . . [W]e simply cannot approve dismissal of an indictment on the basis of predictions as to what the trial evidence will be."

252 F.3d at 968 (quoting United States v. DeLaurentis, 230 F.3d 659, 661 (3d Cir. 2000)); accord, United States v. Nelson, 165 F.3d 1180, 1182 (8th Cir. 1999) ("It has long been settled that an indictment is not open to challenge on the ground that there was

---

[1] To the extent Defendant is asserting that the government will be unable to establish a sufficient foundation for the evidence, that is an evidentiary matter for the District Judge to assess at trial.

7

inadequate or insufficient evidence before the grand jury."); United States v. Brown, 481 F.2d 1035, 1041 (8th Cir. 1973) ("There is no authority under Rule 12 . . . to dismiss on the basis of a sufficiency-of-the-evidence defense which raises factual questions embraced in the general issue."); United States v. Kowal, 486 F. Supp. 2d 923, 934-35 (N.D. Iowa 2007) (denying motion to dismiss as procedurally infirm).  As expressed by the court in DeLaurentis, "a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence."   For these same reasons, Defendant's motion to "suppress" the government's evidence on grounds of insufficiency of the evidence should be denied.

Even if such a motion were procedurally available at this stage of the proceedings, the Court could not find on this record that the government's evidence is insufficient as a matter of law.  See United States v. Burks, 135 F.3d 582, 583 (8th Cir. 1998) (on review of sufficiency of the evidence, "we examine the evidence in the light most favorable to the jury verdict and give that verdict the benefit of all reasonable influences").

### 3. Motion to Suppress Incident Report

Defendant's motion to suppress the police incident reports is even more mystifying.  The government apparently provided copies of police incident reports as part of its discovery materials.  At the evidentiary hearing, the officer asserted that he based his belief that Defendant was residing at the Residence in part on the fact that Defendant was, at times, arrested at the Residence, and had identified the Residence as his home address in connection with at least some of his prior arrests.  The government has not

asserted, however, that it intends to introduce the incident reports themselves into evidence. And even if the government were seeking to introduce the incident reports into evidence, that is an evidentiary question for the trial court to assess at the time of, and in connection with, the trial itself, and is not the proper subject for a pretrial motion to suppress.[2]

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Suppress Evidence [Doc. No. 30] be **Denied**.

The parties are advised that they have eleven (11) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir.1990).

                                                                                  /s/ Audrey G. Fleissig
                                                                                  AUDREY G. FLEISSIG
                                                                                  UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of May, 2008.

---

[2] The Court notes that Defendant has recently filed a motion in limine and memorandum in support, by which Defendant asserts that both the trash bag and the incident reports should be ruled inadmissable for lack of foundation. [Doc. Nos. 35 & 36]. This would appear to be a more appropriate vehicle for raising these essentially evidentiary issues. Inasmuch as the undersigned assumes that this motion in limine is directed to the District Judge in connection with the trial, the undersigned will not further address this motion.