UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff(s), )<br>)<br>vs. )<br>)<br>RANDY ALAN JONES, )<br>)<br>Defendant(s). ) | Case No. 4:08CR00091 ERW (AGF) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the Report and Recommendation of the United States Magistrate Audrey G. Fleissig [doc. #37] pursuant to 28 U.S.C. §636(b). On May 28, 2008, Defendant filed Objections to the Report and Recommendation [doc. #38]. The Report and Recommendation recommends that Defendant Jones' Motion to Suppress Evidence [doc. #30] be denied.

"[W]hen a party objects to the report and recommendation of a magistrate judge concerning a dispositive matter, '[a] judge of the court shall make a de novo review determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)). Defendant objects to the Magistrate Judge's conclusion that the pill packets, found in the seized trash bag, and the incident report are admissible evidence, as Defendant argues the government has failed to provide a sufficient foundation to support the introduction of such evidence at trial. However, Defendant recognizes that if the Magistrate Judge's ruling is based

1

upon the conclusion that Defendant is seeking an evidentiary ruling which must be made by the District Court, then Defendant simply seeks to preserve his right to object.

## I. BACKGROUND FACTS

The Magistrate Judge set forth in detail the facts involved in the present evidentiary dispute, and therefore, for purposes of this order, the Court will only briefly set forth the relevant facts. Officer Cochran, a City of Hazelwood police officer, had a long history with the Defendant, having arrested him on a number of occasions for manufacturing methamphetamine. The majority of those arrests had taken place at 12747 Missouri Bottom Road ("the Residence"), including two arrests in the summer and fall of 2007. On November 6, 2007, Hazelwood police officers received information from a reliable confidential informant that Defendant was again involved in the manufacture of methamphetamine at the Residence. On Wednesday, November 7, 2007, Officer Cochran drove past the Residence and observed a black trash bag approximately ten feet from the street, by the driveway. Officer Cochran took the trash bag and returned to his office, where he examined the contents, and found empty blister packs that had contained a total of 260 pseudoephedrine tablets. At the time of the incident at issue, the Defendant was not living at the Residence, and Ms. Greenway[1] testified that the Defendant had not lived at the Residence at anytime during the summer of 2007. However, the Government has presented an incident report, dated July 4, 2007, on which the Defendant lists the Residence as his home address.

## II. DISCUSSION

The Defendant seeks to exclude the evidence of the blister packs found in the trash bag at the Residence, and to exclude the July 4, 2007 incident report. Defendant argues that the Government has failed to provide a sufficient foundation to support the admissibility of the

---

[1] Ms. Greenway was a former tenant, who resided at the Residence through August, 2007.

evidence, both the contents of the trash bag, and the incident report.  The Court notes that the Defendant does not argue that the trash bag was seized in violation of the Fourth Amendment, and therefore the Court will not address the Fourth Amendment requirements in this opinion.[2]  The Court will concentrate its analysis on Defendant's claim of lack of foundation.

The Magistrate Judge concluded that any claim by Defendant that the evidence submitted by the Government is insufficient to support the indictment is not cognizable.  The Supreme Court held, in *Costello v. United States*, that indictments may not be challenged on the ground that the evidence was inadequate or incompetent.  350 U.S. 359, 363 (1956) ("If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed.").  The Supreme Court further noted that the result of allowing such challenges "would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury."  *Id.*  The Court agrees with the determination of the Magistrate Judge that a motion to suppress evidence is not the appropriate vehicle for challenging the sufficiency of the evidence to support the indictment.

As noted by the Magistrate Judge, the more appropriate vehicle for challenging the sufficiency of the evidence is through a motion in limine.  The Defendant does not appear to dispute this, and has filed a motion in limine addressing the admissibility of the disputed evidence; Defendant's motion is set for hearing on June 20, 2008.  Therefore, the Court will address the admissibility of the evidence in question following the hearing.

---

[2]The Magistrate Judge thoroughly analyzed the search and seizure of the trash bag under the Fourth Amendment, and correctly concluded that there can be no violation of the Fourth Amendment where the Defendant does not have a privacy interest in the seized items.  In this case the Defendant clearly denies any possession of the seized property, and therefore cannot claim a privacy interest in it.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Suppress Evidence [doc. #30] is **DENIED**.

Dated this 2nd Day of June, 2008.

_E. Richard Webber_ (signature)
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE